IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DARNELL ARTHUR ALLEN, JR.,**
    **Petitioner,**

v.                                                             Civil Action No. 3:18-CV-113
                                                                      (GROH)

**RALPH TERRY, Acting Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION[1]

### I. Introduction

On August 21, 2018, Petitioner, an inmate at Mount Olive Correctional Complex, filed an amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 18. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### II. Procedural History

The Petitioner and a co-defendant were found guilty of First Degree Murder by separate juries in the Circuit Court of Mineral County, West Virginia. ECF No. 18 at 1 – 2, see State v. Horton, 506 S.E.2d. 46 (W. Va. 1998). Petitioner was sentenced to life imprisonment without parole. ECF No. 18 at 1. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals ("WVSCA"). Id. at 2. Petitioner's conviction and sentence were affirmed by published opinion issued on June 22, 1998. See Horton, 506 S.E.2d 46.

---

[1] Unless otherwise noted, all ECF Numbers cited herein refer to the instant case, Case No. 3:18-CV-113, available on PACER.

In April of 1999, the Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Mineral County. Allen v. Terry, 2018 WL 2194014 at *1 (W. Va., May 14, 2018). Following an omnibus habeas corpus evidentiary hearing, the circuit court denied the petition for relief in February of 2004. Id. Petitioner appealed that decision to the WVSCA, which affirmed the decision of the circuit court. Id. at 6.

**A. Direct Appeal**

On direct appeal of his conviction and sentence to the WVSCA, Petitioner asserted that the circuit court erred in:

1) admitting clothes taken from the appellant without his consent and in admitting the results of scientific tests conducted on those clothes;

2) admitting oral statements by the appellant;

3) admitting testimony showing plan and premeditation;

4) denying appellants' motion for change of venue; and

5) allowing the jury to see a gruesome videotape of the deceased and the crime scene.

ECF No. 18 at 2 – 3, see Horton, 506 S.E.2d 46.

**B. First State Habeas Petition**

In his first petition for habeas corpus relief in the Circuit Court of Mineral County, West Virginia, petitioner asserted two grounds for relief: (1) that his due process rights were violated; and (2) that counsel was ineffective. Case No. 2:05-CV-16, ECF No. 19 at 3. This petition was denied. Id. at 2. Petitioner appealed to the WVSCA, alleging 18 reasons that trial counsel was ineffective and that the affirmation of his conviction on

direct appeal was plainly wrong. Id. at 3 – 4. The WVSCA affirmed the denial of Petitioner's habeas corpus petition. Id. at 2.

### C. First Federal Habeas Petition

Petitioner's first federal habeas petition filed in this district, case number 2:05-CV-16, raised the same grounds presented to the WVSCA in Petitioner's first state habeas petition. Id. at 4. The court found that "the State court's adjudication of Petitioner's claims of ineffective assistance of counsel was not contrary to clearly established federal law." Id. at 15. The court also did not "believe that the State court's adjudication of the claims involved an unreasonable application of clearly established federal law." Id. With regard to Petitioner's second ground for relief, the court properly found that it was not its purpose to act as an appellate court to the WVSCA on federal habeas review. Id. at 17.

The Fourth Circuit affirmed the district court's denial of habeas corpus. Allen v. McBride, 215 Fed. App'x. 234 (4th Cir. 2007).

### D. Second State Habeas Petition

In his second petition for habeas corpus relief in the Mineral County Circuit Court, Petitioner asserted two grounds for relief. In his first assignment of error, Petitioner argued that the investigating state trooper on his case was not credible. ECF No. 16-5 at 8. In his second ground for relief Petitioner argued that the serology testing techniques used were now questionable. Id. at 6. The circuit court denied the petition. Id. at 9.

On appeal of the denial of his state habeas petition, the Petitioner asserted the following grounds for relief: (1) that "the circuit court erred in denying him habeas relief

3

because of certain issues raised by the serology evidence at trial" and; and (2) that the circuit court violated his due process rights when it failed to timely hear his petition. ECF No. 16-6 at 1. The WVSCA affirmed the circuit court's denial of habeas relief. Id. at 7.

In denying the Petitioner's habeas corpus petition with regard to Petitioner's claims about serology evidence, the WVSCA held that to be granted a new trial under Zain III[2] a prisoner must show the necessity of a new trial under the five factor test set forth in State v. Frazier, 162 W.Va. 935, 253 S.E.2d 534 (1979). This five factor test requires:

> (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.

Id. at 534 – 35.

The WVSCA found that Petitioner failed to satisfy the first prong of the Frazier test. Allen v. Terry, No. 16-1082, WL 2194014 at *4 (W. Va. 2018). Petitioner failed to show that the evidence was fabricated or contaminated or that testing was invalid or unreliable. Id. Any evidence of wrongdoing was not discovered after the trial because the State Trooper was cross-examined with regard to the allegations of wrong-doing in

---

[2] In re Renewed Investigation of State Police Crime Laboratory, Serology Division ("Zain III"), 219 W.Va 408, 633 SE.2d 762 (2006).

4

DNA testing in Zain I and Zain II.  Id. at 5.  The court also noted that Petitioner failed to satisfy the fourth prong on the Frazier test.  Id.  Even if Petitioner could show that the serological evidence was false or tainted, an opposite result would not be guaranteed because of other evidence that was presented at trial.  Id.

The WVSCA also found that Petitioner's claim regarding due process violation was without merit based on Zain III, which required the circuit court to hear Petitioner's challenge "in as timely a manner as is reasonably possible.  Id. (quoting Zain III, 633 S.E.2d at 764).  While ten years elapsed between filing the habeas corpus petition and the circuit court ruling thereon, Petitioner did not produce evidence that the court or the State caused the delay, or that he was prejudiced as a result of the delay.  Id.  The WVSCA further found that if any error did occur it was harmless.  Id.

### E. Instant Federal Habeas Petition

Petitioner asserts three claims for relief herein: (1) that "the lower court denied relief . . . when the evidence presented [at trial] . . . violated his rights to a fair and impartial jury trial" [ECF No. 16-1 at 6 – 7]; (2) that his due process rights were violated when the circuit court inordinately delayed consideration of his petition for habeas corpus [Id. at 9]; and (3) that the WVSCA failed to grant his motion for post-conviction DNA testing [Id. at 12].

### III. Legal Standard

The provisions of 28 U.S.C. § 2254 must be examined to determine whether habeas relief is proper.  28 U.S.C. § 2254 requires a district court to entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that

he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); see also Williams v. Taylor, 120 S.Ct 1495 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

The Fourth Circuit Court of Appeals has determined that "the phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion." Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a state court summarily rejects a claim and does not set forth its reasoning, the federal court independently reviews the record and clearly established Supreme Court law. Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000), cert. denied, 524 U.S. 830 (2001) (quoting Bacon v. Lee, 225 F.3d 470, 478 (4th Cir. 2000)). However, the court must still "confine [it's] review to whether the court's determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. at 158.

6

A federal habeas court may grant relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that held by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." Williams, 120 S.Ct. at 1498. A federal court may grant a habeas writ under the "unreasonable application" clause, "if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "An unreasonable application of federal law is different from an incorrect application of federal law." Id.

When a Petitioner challenges the factual determination made by a state court, "federal habeas relief is available only if the state court's decision to deny post-conviction relief was 'based on an unreasonable determination of the facts.'" 28 U.S.C. § 2254(d)(2). In reviewing a state court's ruling on post-conviction relief, we are mindful that 'a determination on a factual issue made by a State court shall be presumed correct,' and the burden is on the petitioner to rebut this presumption 'by clear and convincing evidence.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

However, habeas corpus relief is not warranted unless the constitutional trial error had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); Richmond v. Polk, 375 F.3d 309 (4th Cir. 2004). "Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" Brecht, supra.

Here, Petitioner's first two claims were properly presented to the courts of the State. Because Petitioner's claims were adjudicated on the merits in State court, the

7

State's findings of fact and of law are due the appropriate deference.  However, Petitioner's assertion that that the WVSCA failed to grant his motion for post-conviction DNA testing in ground three was not exhausted at the state level.[3]

### IV. Analysis

Petitioner's first two grounds for relief raised herein—(1) that "the lower court denied relief . . . when the evidence presented [at trial] . . . violated his rights to a fair and impartial jury trial"; and (2) that his due process rights were violated when the circuit court inordinately delayed consideration of his petition for habeas corpus—have previously been adjudicated by the Circuit Court of Mineral County and the WVSCA. ECF No. 16-5, 16-6.  Petitioner has not demonstrated that those State court proceedings were contrary to federal law, or that they were a result of the misapplication of federal law, failing to satisfy 18 U.S.C. § 2254(d)(1).  Petitioner has also failed to demonstrate that the State court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding, failing to satisfy 18 U.S.C. § 2254(d)(2).

Upon an independent review of the record, the state court's adjudication of Petitioner's claims of misrepresentation of serology testing was not contrary to clearly established federal law, nor was it an unreasonable application of federal law.

The additional state habeas procedures described in Zain III cannot provide grounds for relief under § 2254, as they are not based upon federal law or federal constitutional requirements.  There is not a federal constitutional requirement that that the state must provide an avenue for post-conviction relief imposed in the State court.

---

[3] WVSCA did note that Petitioner and his co-defendant filed a joint motion for DNA testing, however the denial of this motion was not appealed to the WVSCA in the appeal of the denial of his State Habeas Petition.  See Allen v. Terry, No. 16-1082, WL 2194014 at *2 (W. Va. 2018).

Relief from alleged infirmities in State post-conviction collateral proceedings is not cognizable in federal habeas corpus proceedings. See Pennsylvania v. Finley, 107 S.Ct. 1990 (1987); Greer v. Mitchell, 264, F.3d 663, 681 (6th Cir. 2001) (holding "[T]he Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies).

While Petitioner does not specifically name any constitutional infirmities in any Zain case, if he had done so, this issue has already been addressed by the Fourth Circuit. Ward v. Trent, 188 F.3d 505 (1999). The Fourth Circuit wrote:

> the [Zain] court properly recognized the constitutional significance of the issue, noting that it is a violation of due process for the state to convict a defendant based on false evidence. Drawing from Supreme Court precedent in Napue, Giglio, and Brady, the West Virginia Supreme Court of Appeals determined that . . . the State must bear the responsibility for the false evidence. The law forbids the State from obtaining a conviction based on false evidence. The court then properly recognized that a conviction obtained on the basis of false evidence will be set aside only if it is shown that the false evidence had a material effect on the jury verdict.

Id. at 4 (internal citations omitted). Petitioner has not provided evidence that the serological evidence in his case was false. As the WVSCA noted, even if he did, Petitioner has not shown that any other result would have occurred because of other evidence presented in his trial. Allen v. Terry, No. 16-1082, WL 2194014 at *5 (W. Va. 2018). Moreover, The WVSCA "may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Markley v. Coleman, 215 W.Va 729, note 11 at 735 (2004) (quoting Syllabus Point 3, Barnett v. Wolfolk, 149 W.Va. 246 (1965)) (emphasis added).

9

In Petitioner's second state habeas corpus proceeding, the WVSCA found that an opposite result was not assured even if the serological evidence presented in Petitioner's trial were false. It is not the role of this Court to act as an appellate court for the WVSCA on habeas corpus review.

With respect to the Petitioner's claims that the affirmation of his conviction by the WVSCA was plainly wrong as to timeliness, Petitioner does not set forth any factual or legal argument in support of his claim. Also, it appears as if the Petitioner would like this Court to act as an appellate court to the WVSCA. As noted above, that is not the purpose of this Court on federal habeas review. Because Petitioner has not established that the decision of the WVSCA was contrary to federal law or that the decision involved an unreasonable application of federal law, this second ground for relief should be denied.

Finally, Petitioner has also failed to demonstrate that he is entitled to relief as to his third ground. Petitioner alleges that the WVSCA failed to grant his motion for post-conviction DNA testing, however, it does not appear as if Petitioner exhausted all state remedies as required for a § 2254 petition. The WVSCA does mention that Petitioner filed a motion for DNA testing in the circuit court. <u>Allen v. Terry</u>, No. 16-1082, WL 2194014 at *2 (W. Va. 2018). The circuit court denied this motion, but the claim does not appear to have been raised with or adjudicated by the WVSCA. <u>Id.</u> Petitioner claims that the reasons for not exhausting state remedies for his third ground for relief are "not applicable." ECF No. 18 at 12. That is not an acceptable reason to not exhausting state remedies. It is in fact, no reason whatsoever. Petitioner is not clear whether or not he satisfies the requirements of § 2554(b) as to his third ground for relief.

However, Petitioner is still not entitled to relief on his third claim in this Court. The requirement of § 2254 is clear: "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that [ ] the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Accordingly, § 2254 relief is inappropriate and should not be granted.

## V. RECOMMENDATION

For the reasons set forth in this Opinion, it is recommended that the petitioner's § 2254 petition be **DENIED** on the merits and **DISMISSED WITH PREJUDICE** as to grounds 1 and 2 and **WITHOUT PREJUDICE** as to ground 3 because of the failure to exhaust that claim.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 106 S.Ct 466 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 104 S.Ct 2393 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 28, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE